UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWON WRIGHT,

Plaintiff,

v.

CASE NO. 09-10287
HONORABLE GEORGE CARAM STEEH

MARY VEDA, MICHAEL CURLEY,
and FNU BUCZEK,

Defendants.
_________________________________/

**ORDER OF DISMISSAL**

**I. Introduction**

Tawon Wright, a state prisoner at Saginaw Correctional Facility (SRF) in Freeland, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and a motion for appointment of counsel. Defendants are employees of the Michigan Department of Corrections. Defendants Mary Veda and Michael Curley are employed at Ojibway Correctional Facility in Marenisco, Michigan, and defendant Buczek is employed at SRF in Freeland, Michigan.

The complaint alleges that, while Plaintiff was incarcerated at Ojibway Correctional Facility in 2008, he was placed in temporary segregation and issued a contraband removal notice for assorted books and magazines. Plaintiff requested an administrative hearing, but on June 4, 2008, he was released from segregation and correctional officials confiscated his books as excess property. On June 5, 2008, defendant Mary Veda informed Plaintiff that she would conduct an administrative hearing and permit Plaintiff to mail his excess religious books to his home. Plaintiff agreed to this arrangement, but on June 10, 2008, he was transferred to Newberry

Correctional Facility in Newberry, Michigan. On the following day, defendant Veda conducted an administrative hearing in Plaintiff's absence. She stated in her report on the hearing that Plaintiff was given an opportunity to pack his property, but he refused to comply before transferring to another prison.

On July 18, 2008, Plaintiff was transferred to his present location at SRF. According to him, defendant Buczek was uncooperative and informed him that she did not want to be bothered with another facility's problems. Plaintiff then asked defendant Michael Curley to reprimand defendant Veda for making false statements during her fact-finding hearing. Defendant Curley allegedly informed Plaintiff that his property had been shipped to defendant Buczek's attention at SRF. Plaintiff then wrote to defendant Buczek and employees of the property room regarding his misplaced property. He did not receive a response, and he states that the whereabouts of his books remain unknown.

Plaintiff claims that (1) defendant Veda violated a state administrative rule when she conducted an administrative hearing in his absence and deprived him of his right to decide how to dispose of his books; (2) defendant Curley breached a duty to uphold prison rules and regulations by not reprimanding defendant Veda for conducting the administrative hearing in Plaintiff's absence; and (3) defendant Buczek breached a duty to adhere to grievance procedures when she refused to acknowledge that Plaintiff's property was shipped to her attention. Plaintiff maintains that the defendants' breach of duty resulted in the deprivation of his First Amendment right to practice his religion and his right not to be deprived of property without an opportunity to participate in the administrative hearing. He seeks money damages and injunctive relief.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007). A complaint is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and to successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of a federal right. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Exhibits to the complaint indicate that Plaintiff's property was shipped to SRF and received there on August 5, 2008. Compl., Ex. I. Although Plaintiff alleges that his property still has not been located, a state official's negligent act causing unintended loss of property is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams,* 474 U.S. 327, 328 (1986). Intentional deprivations of property by state employees also do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment, provided that a postdeprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To prevail on his procedural due process claim, Plaintiff must demonstrate that he was deprived of property as a result of either (1) an "established state procedure that itself violates due process rights" or (2) a "random and unauthorized act."

*Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). Where the property deprivation was the result of a state official's "random and unauthorized act," the plaintiff also must show that available state remedies are inadequate to compensate him for the loss. *Id*.

Plaintiff is not alleging that an established state procedure violates due process, and the alleged property deprivation in this case apparently was "random and unauthorized." Consequently, Plaintiff must show that postdeprivation remedies are inadequate to compensate him.

> [R]edress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law. Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver, Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials.
>
> Furthermore, as a state agency subject to the Michigan Administrative Procedures Act, Mich. Comp. Laws §§ 24.201-.403, the Department of Corrections is subject to numerous state laws relating to prisoner grievances. Mich. Comp. Laws §§ 791.251-.255.
>
> . . . .
>
> The Sixth Circuit has squarely held that the appeal of administrative decisions to the state circuit court provides an adequate remedy for violations of due process for purposes of *Parratt v. Taylor* [451 U.S. 527 (1981)]. *See Blue Cross and Blue Shield v. Baerwaldt*, 726 F.2d 296, 300 (6th Cir. 1984) (Michigan Administrative Procedures Act provides ample opportunity to raise constitutional claims in state court); *cf. Tocco v. Marquette Prison Warden*, 123 Mich. App. 395, 399; 333 N.W.2d 295, 297 (1983) (judicial review section under Michigan Administrative Procedures Act applies to Department of Corrections administrative decisions).
>
> At least one federal court has found that these procedures "go[ ] far beyond the requirements of due process." *Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich.1989).

*Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Plaintiff has failed to show that Michigan's administrative and judicial remedies are inadequate to redress the claimed wrongs. The state remedies outlined above insure that any procedural violations which may have occurred "can be adequately reviewed and addressed under established constitutional guidelines." *Id*. (citing *Leonard v. Wallace*, 865 F. Supp. 426, 428 (E.D. Mich. 1994)). Therefore, no deprivation of property without due process resulted, and Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's First Amendment claim lacks merit because he has failed to show that the defendants intentionally deprived him of his right to practice his religion. Defendants are not liable for negligent violations of Plaintiff's right to free exercise of religion. *Shaheed v. Winston*, 885 F. Supp. 861, 868 (E.D. Va. 1995).

## III. Conclusion

For the reasons stated above, Plaintiff's Complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's motion for appointment of counsel [Dkt. #3] is **DENIED** as moot. Plaintiff may not pursue an appeal without prepaying the appellate filing fee because the issues are frivolous and an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated: March 16, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 16, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk